# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3761

_____

United States of America,        *
        *
        Appellee,        *
        *   Appeal from the United States
        v.        *   District Court for the
        *   District of Nebraska.
Eduardo Avalos-Luna,        *
        *      [UNPUBLISHED]
        Appellant.        *

_____

Submitted:  May 23, 2000
Filed:  May 26, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Eduardo Avalos-Luna pleaded guilty to conspiring to distribute methamphetamine, and to possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1994). The presentence report recommended that he be assessed an enhancement for obstruction of justice and denied a reduction for acceptance of responsibility, noting that although he had fully acknowledged his involvement in drug trafficking, had agreed to be held responsible for a substantial drug quantity, and had pleaded guilty, he subsequently absconded from supervision prior to sentencing, fled to Mexico, failed to appear for the scheduled sentencing hearing, and was apprehended in Texas over two years later by immigration

agents. Over Avalos-Luna's objections, the District Court[1] adopted these recommendations and sentenced him to 135 months' imprisonment and 5 years' supervised release.

On appeal, Avalos-Luna challenges the District Court's application of the obstruction-of-justice enhancement and denial of the acceptance-of-responsibility reduction. We review each of these matters for clear error. See United States v. Baker, 200 F.3d 558, 562 (8th Cir. 2000); United States v. Ervasti, 201 F.3d 1029, 1043 (8th Cir. 2000). We conclude that the Court did not clearly err in applying the enhancement or in denying the reduction. See United States v. Shinder, 8 F.3d 633, 635 (8th Cir. 1993) (holding that defendant's flight prior to sentencing was "sufficient ground" both to apply obstruction-of-justice enhancement and to deny acceptance-of-responsibility reduction); United States v. Honken, 184 F.3d 961, 970 (8th Cir.) (committing obstructive conduct between plea and sentencing "would almost certainly" disqualify defendant from receiving acceptance-of-responsibility reduction), cert. denied, 120 S. Ct. 602 (1999).

Avalos-Luna also argues on appeal that his potential sentence was nearly doubled by the application of the enhancement and the denial of the reduction, and that he was thus disproportionately punished for the single act of failing to appear at sentencing. We reject this argument because his sentence resulted from a correct application of the United States Sentencing Guidelines (Guidelines). See United States v. Foote, 920 F.2d 1395, 1401 (8th Cir. 1990) (concluding, as matter of law, that sentences imposed pursuant to Guidelines do not violate Eighth Amendment), cert. denied, 500 U.S. 946 (1991); cf. United States v. Gordon, 953 F.2d 1106, 1107 (8th Cir.) (rejecting argument that career-offender Guideline produces unconstitutionally disproportionate sentences), cert. denied, 506 U.S. 858 (1992).

---

[1]The Honorable William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska.

Accordingly, we affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.